UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCO ANTONIO HERNANDEZ-MEDINA,<br><br>    Petitioner,<br><br>v.<br><br>MARK KING, Warden,<br><br>    Respondent. | Case No. 24-CV-3617 (NEB/JFD)<br><br>**ORDER** |

Petitioner Marco Antonio Hernandez-Medina is a federal prisoner serving a term of imprisonment. Mr. Hernandez alleges that the Federal Bureau of Prisons ("BOP") previously determined that he was eligible to earn time credits under the First Step Act of 2018 ("the FSA"). Under 18 U.S.C. § 3632(d)(4)(E)(i), however, "[a] prisoner is ineligible to apply time credits under [the FSA] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." The Department of Homeland Security notified the Federal Bureau of Prisons in March 2024 that Mr. Hernandez is subject to a final order of removal. *See* Pet. Ex. at 4 [ECF No. 1-1]. In his habeas petition, Mr. Hernandez avers that he is not aware of any such final order of removal having been entered—and if no final order of removal was entered, then he remains eligible for time credits under the FSA.

1

This entire case will turn on a single factual question: Whether a final order of removal has been entered as to Mr. Hernandez.[1] The question is urgent, because if Mr. Hernandez is not subject to a final order of removal, then he likely is entitled to immediate relief.

Accordingly, Mr. Hernandez's motion to expedite this proceeding [Dkt. No. 3] is GRANTED. The Court directs Respondent within seven days of the date of this order to supply documentary evidence regarding whether Mr. Hernandez is subject to a final order of removal. If, in Respondent's view, Mr. Hernandez is subject to a final order of removal, then no further answer to the habeas petition is required at this time beyond the documentary evidence establishing that a final order of removal has been entered. If Respondent believes that Mr. Hernandez is *not* subject to a final order of removal, then Respondent must file an answer to the petition within seven days showing cause why the writ should not be granted in this case. In either case, Mr. Hernandez may reply to the submission of Respondent within seven days of the date those documents are filed and served. No further submissions from either party will be permitted except as authorized by Court order hereafter.

SO ORDERED.

Dated: September 12, 2024         __s/ *John F. Docherty*_____
                                  JOHN F. DOCHERTY
                                  United States Magistrate Judge

---

[1] Note that this Court lacks jurisdiction to review the legality of any final order of removal. *See* 8 U.S.C. § 1252(g).  Mr. Hernandez cannot argue in this proceeding that he *should* not have been made subject to a final order of removal; this is not the appropriate venue for such a challenge.