UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCO ANTONIO HERNANDEZ-MEDINA, | Case No. 24-CV-3617 (NEB/JFD) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| MARK KING, Warden, | |
| Respondent. | |

Under 18 U.S.C. § 3632(d)(4)(E)(i), a federal prisoner is ineligible to apply time credits earned under the First Step Act of 2018 ("FSA") "if the prisoner is the subject of a final order of removal . . . ." Petitioner Marco Antonio Hernandez-Medina is a federal prisoner. He has earned time credits under the FSA. The Federal Bureau of Prisons ("BOP") informed Mr. Hernandez that he would not be permitted to apply those FSA time credits to his sentence because he is subject to a final order of removal. Mr. Hernandez filed a petition for a writ of habeas corpus alleging that he had not seen any final order of removal applying to him, that he did not believe he was subject to a final order of removal, and that the BOP should therefore apply to his sentence any time credits that he has earned under the FSA.

Mr. Hernandez's habeas petition therefore turned on a simple factual question: Was he subject to a final order of removal? If yes, then the BOP could not apply FSA time credits to Mr. Hernandez's sentence. It would not matter if Mr. Hernandez believed he

1

should not be subject to a final order of removal or wished to challenge the validity of that final order of removal; that substantive challenge to the removal would need to be directed elsewhere. *See* 8 U.S.C. § 1252(g) (depriving federal district courts of jurisdiction over questions concerning the adjudication of a final order of removal). All that mattered was whether a final order of removal had been entered against Mr. Hernandez.

This Court could not answer that factual question from the record before it, and therefore the government was directed to supply the answer—and to do so immediately, because if Mr. Hernandez were not subject to a final order of removal, then he might have been entitled to immediate release from prison. *See* Dkt. No. 3. The government in response supplied to the Court a Notice and Order of Expedited Removal ("Removal Order") dated February 5, 2024. *See* Declaration of Jaime Fogt Ex. 2 at 1-2 [Dkt. No. 8-2]. The Removal Order names Mr. Hernandez as the subject and identifies the circumstances of his arrest, as can be confirmed from a review of the plea agreement in Mr. Hernandez's criminal case. *See United States v. Hernandez-Medina*, No. 3:22-CR-1755 (DMS), Dkt. No. 22 ("Plea Agreement") (S.D. Cal. Sept. 8, 2022). The Removal Order also states that the document was served upon Mr. Hernandez on March 8, 2024, though in the space where Mr. Hernandez would have been asked to provide a signature acknowledging receipt, only the word "refused" is written. Removal Order at 1. Mr. Hernandez, for his part, does not deny that the Removal Order submitted by the government applies to him. Nor could the Removal Order have come as a shock to Mr. Hernandez, as his plea agreement stated that "defendant's conviction in this case make[s] it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States." Plea Agreement at 5.

2

The key factual question in this matter therefore has been resolved: Mr. Hernandez is subject to a final order of removal. And with that factual issue resolved, the legal issue presented by Mr. Hernandez's habeas petition is also resolved, because § 3632(d)(4)(E)(i) could not be clearer: "A prisoner is ineligible to apply time credits under [the FSA] if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . ."

That would seem to be the end of the matter. But in his memorandum in reply to the government's evidentiary submission, Mr. Hernandez offers a new argument. The government, he argues, was required to conduct expedited removal proceedings "at a date as early as practicable during the prisoner's incarceration." 18 U.S.C. § 3632(d)(4)(E)(ii). Mr. Hernandez was sentenced in January 2023. His removal proceedings concluded in February 2024, thirteen months later. This, argues Mr. Hernandez, was too long a wait—and to make clear that the government should not wait so long to conduct removal proceedings in the future, continues Mr. Hernandez, the Court should order the BOP to apply to his sentence any FSA time credits that he has earned, even though the FSA forbids the BOP from applying those time credits to a person subject to a final order of removal.

This is not a convincing pivot. To begin with, it is far from obvious that the removal proceedings were *not* conducted "as early as practicable" during Mr. Hernandez's incarceration. 18 U.S.C. § 3632(d)(4)(E)(ii). This Court has no way of knowing what was "practicable" in Mr. Hernandez's case. The timing of that hearing would necessarily have been affected by several factors, including the volume of hearings being conducted at that moment; the urgency of those hearings as compared to the urgency of Mr. Hernandez's

3

hearing; the need, if any, for further factual investigation; and so on. A delay of thirteen months is not so obviously lengthy that, taken alone, this Court could conclude that the government could "practicably" have acted sooner. *Id.* At a minimum, Mr. Hernandez has not established otherwise—and the burden of proof is on him, not the government, to establish that he is entitled to relief. *See Whitaker v. Fisher*, No. 10-CV-3595 (RHK/AJB), 2011 WL 1542066, at *3 (D. Minn. Mar. 28, 2011).

There are three other problems with this new claim from Mr. Hernandez. First, it is a new claim—that is, the claim was not fairly raised within the habeas petition itself. Yes, Mr. Hernandez mentioned § 3632(d)(4)(e)(ii) in his petition. *See* Petition at 8. The entire thrust of Mr. Hernandez's original claim, however, is that removal proceedings had not been conducted at all, either "as soon as practicable" or otherwise. As such, Mr. Hernandez requested as a remedy that the government either show that he was subject to a final order of removal or apply FSA time credits to this sentence—nothing else. *See* Petition at 11. Nowhere did Mr. Hernandez argue that even *if* he were subject to a final order of removal, the delay in conducting the removal proceedings results in his no longer being barred from applying FSA time credits. Understandably, then, the government did not address the argument in its response to the petition. Because the opposing party has not had an opportunity to respond, "federal courts do not, as a rule, entertain arguments made by a party for the first time in a reply brief." *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871, 878 (D. Minn. 2007).

Second, it is far from obvious that § 3632(d)(4)(E)(ii) provides an implied private right of action to litigants seeking to challenge the celerity with which removal proceedings

4

were conducted. *See Osher v. City of St. Louis*, 903 F.3d 698, 702 (8th Cir. 2018) (noting that "nothing short of an unambiguously conferred right will support an implied right of action."). Nothing about § 3632(d)(4)(E)(ii) suggests that Congress intended to permit litigants to seek relief under that provision,[1] *see Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001), and the vague standard provided by § 3632(d)(4)(E)(ii)—"as soon as practicable"—is not the kind of clear directive upon which an implied right of action will usually be founded. Unsurprisingly, then, the lone case that this Court has uncovered addressing the issue of whether § 3632(d)(4)(E)(ii) supplies a private right of action determined that it does not. *See Lange v. United States Attorney General*, No. 5:23-3561 (BHH/KDW), 2023 WL 9231303, at *2 (D.S.C. July 31, 2023), Report and Recommendation adopted by 2024 WL 150191 (D.S.C. Jan. 12, 2024).

Third, even if the issue had been properly raised, and even if § 3632(d)(4)(E)(ii) did provide a private right of action, the remedy sought by Mr. Hernandez would be entirely inappropriate. The law could not be clearer that Mr. Hernandez is ineligible to have time credits applied to his sentence. *See* 18 U.S.C. § 3632(d)(4)(E)(i). Petitioner is not asking that he be awarded something to which he is entitled; rather, he is asking that he be awarded something which he is expressly *forbidden* from receiving under the FSA. A federal court sitting in habeas corpus is required to "dispose of the matter as law and justice require," 28

---

[1] That § 3632(d)(4)(E)(ii) states the government *shall* conduct the removal proceedings at a date as early as practicable is not material; many statutes exhort that the government shall do something without providing litigants with a private right of action through which to force the government to act. *See GS Labs, Inc. v. Medica Insurance Co.*, No. 21-CV-2400 (SRN/TNL), 2022 WL 4357542, at *6 (D. Minn. Sept. 20, 2022) (collecting cases).

5

U.S.C. § 2243, and must fashion a remedy appropriate to the specific injury established by the petitioner, *see Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Mr. Hernandez is asking that the Court go beyond that role, subvert the plain text of the FSA, and permit him to leave prison sooner than the law requires. This would be a wholly improper remedy even if Mr. Hernandez's claim were otherwise viable—which it is not.

Accordingly, it is recommended that Mr. Hernandez's petition for a writ of habeas corpus be denied. Should the petition be denied, Mr. Hernandez's pending application to proceed *in forma pauperis* may be denied as moot. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Marco Antonio Hernandez-Medina [Dkt. No. 1] be **DENIED**.

2. This matter be **DISMISSED**.

3. Mr. Hernandez's application to proceed *in forma pauperis* [Dkt. No. 10] be **DENIED AS MOOT**.

Dated: October 9, 2024          __/s/ John F. Docherty_____
                                JOHN F. DOCHERTY
                                United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).